UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Superior Court of California
County of Los Angeles
Santa Monica, Case no. 11U02154

| | | | |
|---|---|---|---|
| Case No. | LA CV12-00574 JAK (FMOx) | Date | March 29, 2012 |
| Title | Deutsche Bank National Trust Company v. Nana Baidoobonso-I Am, et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER REMANDING CASE  JS-6

On June 29, 2011, Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, Santa Monica Courthouse, Case No. 11U02154, against Defendant Nana Baidoobonso-I Am ("Defendant"). The complaint was filed as a limited civil case with an amount in controversy not exceeding $10,000. On January 20, 2012, Defendant removed the action to this Court. Notice of Removal, Dkt. 1. This Court has original jurisdiction only when a claim arises under federal law, 28 U.S.C. § 1331, or when there is "diversity of citizenship," 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

As a court of restricted jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, on March 12, 2012, the Court issued an Order to Show Cause regarding this Court's subject matter jurisdiction. Dkt. 5. Plaintiff filed a timely response on March 22, 2012. Dkt. 6. Defendant did not respond.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant's Notice of Removal states that Plaintiff is a debt collector under the federal Fair Debt Collection Practices Act ("FDCPA"), and that therefore Plaintiff's complaint arises under the FDCPA and federal law. Defendant asserts that a federal court may exert jurisdiction "whenever federal law is a **potential ingredient** of a case." Notice of Removal, p.3:10-12, Dkt. 1 (emphasis in original). The standard is, however, that

> A claim arises under federal law within 28 U.S.C. § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim.

*Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000). The unlawful detainer complaint, Notice of Removal, Exh. 1, Dkt. 1, does not contain a cause of action that arises under

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-00574 JAK (FMOx) | Date | March 29, 2012 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Company v. Nana Baidoobonso-I Am, et al. | | |

federal law or raise a federal question. Defendant's attempt to create federal question jurisdiction through the pleading of affirmative defenses or potential counterclaims, arising from Plaintiff's alleged violation of the FDCPA, is unavailing because "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993) (internal quotations and alterations omitted). Thus, the Court may not exert federal question jurisdiction over this matter.

Further, the complaint does not establish diversity of citizenship or an amount in controversy exceeding $75,000. The complaint expressly states that the amount in dispute does not exceed $10,000, and Defendant has offered no arguments or evidence to the contrary.

For the foregoing reasons, the Court remands this case to the Superior Court of California, County of Los Angeles at its Santa Monica Courthouse (Case No. 11002154).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak